CASE 15—PETITION ORDINARY—SEPTEMBER 23.

# Bibb vs. Tomberlin, &c.

APPEAL FROM TODD CIRCUIT COURT.

When the obligor in a note, having notice of its assignment, is summoned as garnishee, and fails to disclose the assignment or to make the assignee a party, in order that the claimants of the debt may interplead, he will be liable to the assignee, notwithstanding the judgment against him as garnishee.

G. H. BIBB for appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

[Tomberlin executed a note to H. W. Bibb, which the latter assigned to Mary M. Bibb. After the assignment, Poor sued out an attachment against H. W. Bibb, and summoned Tomberlin as garnishee. Tomberlin, although he had been informed that the debt had been assigned to Mary M. Bibb,

failed to disclose the fact, or to have her made a party to the suit of Poor. Judgment was rendered in that suit requiring Tomberlin to pay the debt to Poor. Afterwards this suit was brought by Mary M. Bibb against Tomberlin, on the note, and the court below, on the facts stated, dismissed her action.]

Appellant was not a party to the suit of D. W. Poor against Tomberlin, H. W. Bibb, &c., consequently the judgment in that case cannot affect her rights.

It is in proof by H. W. Bibb, that Tomberlin was informed by said Bibb that the note upon which this action was brought had been assigned to appellant before Poor instituted his suit to attach the debt; and Tomberlin, in his answer to Poor's petition, states that he had been informed that his note had been assigned to appellant; but he neglected to make his answer a cross-petition, or to take any steps to have her brought before the court, and, by interpleading, have the rights of all the parties ascertained and adjusted.

Appellant shows by proof, uncontradicted, that at the time Poor commenced his action, she was the holder of the note, by assignment, for a valuable consideration, and as Tomberlin failed and neglected, notwithstanding he had notice of said assignment, to adopt the remedy afforded him by law to protect himself, he must take the consequences.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.